**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**


WILLIAM TYRONE ROSS BEY,               Case No. 1:11-cv-289
      Plaintiff                            Beckwith, J.
                                        Litkovitz, M.J.

    vs

AT&T,                                  **REPORT AND RECOMMENDATION**
      Defendant


Plaintiff, a resident of Cincinnati, Ohio, brings this action against AT&T.  By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious.  *Id.*; *see* 28 U.S.C. § 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a

complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting

*Neitzke*, 490 U.S. at 328).

Congress has also authorized the sua sponte dismissal of complaints which fail to state

a claim upon which relief may be granted.  28 U.S.C. § 1915 (e)(2)(B)(ii).  Plaintiffs'

complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell

Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  *See also Hill*, 630 F.3d at 470-71

("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a

claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550

U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not

"accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555

(quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  While a complaint need not contain

"detailed factual allegations," it must provide "more than an unadorned, the-defendant-

unlawfully-harmed-me accusation."  *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at

555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements

of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it

tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.  The

complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon

which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

Plaintiff brings this action pro se against AT&T.  Plaintiff's complaint is confusing.  As

best the Court can discern, plaintiff alleges that in February 2011, he accepted an offer for a

telephone from AT&T and advised the service representative he would be adding the name

"Bey" to the account as soon as he determined whether it was proper to do so given his Social

Security number. Plaintiff states he had previously learned he was committing fraud by using

"a European name 'William Tyrone Ross' and that [he] was committing 'forgery' too!" He

advised AT&T to add the name "Bey" on his account. He later discovered that the name "Bey"

was added to his account in all capital letters which he states is a violation of "my law 'Bey'

Governer (sic) of Law." Plaintiff goes on to complain about the poor service he received from

AT&T. As relief, plaintiff seeks $150,000 "for poor service, harrassment (sic) and

denationalization of Title 'Bey' into "BEY' CORPORATE CITIZEN."

In this case, plaintiff's complaint fails to state a claim upon which relief may be granted

in this federal court. Plaintiff's factual allegations are incomprehensible. The complaint

provides no factual content or context from which the Court may reasonably infer that the

defendant violated plaintiff's rights. Accordingly, the complaint fails to state a claim upon

which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be dismissed with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an

appeal of any Order adopting this Report and Recommendation would not be taken in good

faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to

apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178

F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d

274, 277 (6th Cir. 1997).


Date: 5/26/2011                                    s/Karen L. Litkovitz
                                                    Karen L. Litkovitz, Magistrate Judge
                                                    United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM TYRONE ROSS BEY,                    Case No. 1:11-cv-289
          Plaintiff                         Beckwith, J.
                                            Litkovitz, M.J.

          vs

AT&T,
          Defendant

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report

objected to and shall be accompanied by a memorandum of law in support of the objections.  If

the Report and Recommendation is based in whole or in part upon matters occurring on the

record at an oral hearing, the objecting party shall promptly arrange for the transcription of the

record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems

sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another

party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make

objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*,

474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).